(4 Misc. Rep. 603.)

POEN v. SCOTT.

(Common Pleas of New York City and County, General Term. August 9. 1893.)

RECORD ON APPEAL—SUFFICIENCY—RES JUDICATA.
    A judgment rendered for defendant, on the ground that plaintiff had already recovered on the same cause of action, will be reversed when no record of any such prior judgment appears in the return of the trial justice, and the return does not show that any such record was offered in evidence, or that any concession of the recovery of such judgment was made in behalf of plaintiff.

Appeal from eleventh district court.

Action for wages by Tekla Poen against George Scott. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Robert Goeller, for appellant.

George W. Galinger, for respondent.

BISCHOFF, J. Upon conflicting evidence, the jury returned a verdict for plaintiff; yet, acting under a motion made by defendant's counsel at the beginning of the trial, and before any evidence whatever was offered, that the complaint be dismissed, on the ground that plaintiff was precluded from recovery in this action by a judgment in her favor upon the same claim against defendant's alleged wife, the justice below ignored the verdict, and rendered judgment for defendant, from which an appeal was taken to this court. This action of the trial justice is sought to be justified by a stipulation upon the trial, which appears in the minutes as having been entered into by counsel for the respective parties, and which was to the effect that the verdict be taken subject to the decision of the justice of the motion to dismiss the complaint, which was reserved, and that if the verdict be for plaintiff, and the motion be determined adversely to her, judgment should be rendered for defendant, without prejudice to plaintiff's right to appeal. It is unnecessary in the present instance to inquire into the authority for the method of procedure adopted in the court below; for, though we assume it to have been proper, the dismissal of the complaint, and the award of judgment for defendant, proceeded without the slightest evidence to warrant such a course. No record of any prior judgment in favor of plaintiff appears in the return of the justice on this appeal; neither does the return show that any such record was offered in evidence, or that, upon the trial of this action, any concession whatever of the recovery of such a judgment was made by plaintiff, or in her behalf. The judgment appealed from should be reversed, and a new trial ordered, with the costs of this appeal to the plaintiff (appellant) to abide the event.